JUN 30 2020 PM 5:08
FILED-USDC-CT-HARTFORD

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury H-19-1

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LUIS CARRASQUILLO, a/k/a "Cuchi"<br>JASHUA CARRASQUILLO, a/k/a "Chuy"<br>AARON CLAYTON, a/k/a "Ace"<br>DARRICK SHELBY, a/k/a "Butch,"<br>  and "Butchy Brown"<br>HECTOR UMPIERRE<br>DARRIN HARRIS<br>JERMAINE NEWELL<br>FRANK BIGGS<br>KELLY MCGILL | CRIMINAL NO. 3:20CR100 (JBA-TOF)<br><br>VIOLATIONS:<br>21 U.S.C. §§ 841(a)(1) and 846<br>(Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances)<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)<br>(Possession with Intent to Distribute Controlled Substances)<br><br>18 U.S.C. § 2<br>(Aiding and Abetting) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine and Cocaine Base)

1.  From approximately November 2019 through on or about March 17, 2020, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants, LUIS CARRASQUILLO, a/k/a "Cuchi," JASHUA CARRASQUILLO, a/k/a "Chuy," AARON CLAYTON, a/k/a "Ace," DARRICK SHELBY, a/k/a "Butch," and "Butchy Brown," HECTOR UMPIERRE, DARRIN HARRIS, JERMAINE NEWELL, FRANK BIGGS, and KELLY MCGILL, together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

2.  It was a part and an object of the conspiracy that the defendants LUIS CARRASQUILLO, a/k/a "Cuchi," JASHUA CARRASQUILLO, a/k/a "Chuy," AARON

CLAYTON, a/k/a "Ace," DARRICK SHELBY, a/k/a "Butch," and "Butchy Brown," HECTOR UMPIERRE, DARRIN HARRIS, JERMAINE NEWELL, FRANK BIGGS, and KELLY MCGILL, together with others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, namely cocaine base ("crack cocaine") and cocaine in violation of Title 21, United States Code, Section 841(a)(1).

Cocaine Quantity Allegations

3.  Defendants LUIS CARRASQUILLO, a/k/a "Cuchi," JASHUA CARRASQUILLO, a/k/a "Chuy," and AARON CLAYTON, a/k/a "Ace," knew from their own conduct as members of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved five kilograms or more of a mixture and substance containing detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

4.  Defendants DARRICK SHELBY, a/k/a "Butch," and "Butchy Brown," and FRANK BIGGS knew from their own conduct as members of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved 500 grams or more of a mixture and substance containing detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

5.  Defendant JERMAINE NEWELL knew from his own conduct as a member of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved a mixture and substance containing a

2

detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(C).

## Cocaine Base Quantity Allegations

6. Defendants AARON CLAYTON, a/k/a "Ace," and DARRICK SHELBY, a/k/a "Butch," and "Butchy Brown," knew from their own conduct as members of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved 280 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(A)(iii).

7. Defendants HECTOR UMPIERRE, FRANK BIGGS, and KELLY MCGILL knew from their own conduct as members of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved a mixture and substance containing 28 grams or more of cocaine base ("crack cocaine"), a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(B)(iii).

8. Defendant DARRIN HARRIS knew from his own conduct as a member of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

COUNT TWO
(Possession with Intent to Distribute 500 grams or More of Cocaine)

9.    On or about March 17, 2020, the exact dates being unknown to the Grand Jury, in the District of Connecticut, the defendants LUIS CARRASQUILLO, a/k/a "Cuchi," JASHUA CARRASQUILLO, a/k/a "Chuy," did knowingly and intentionally possess with intent to distribute a mixture and substance containing 500 grams or more of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II), and Title 18, United States Code, Section 2.

COUNT THREE
(Possession with Intent to Distribute 28 Grams or More of Cocaine Base)

10.    On or about February 25, 2020, in the District of Connecticut, the defendants AARON CLAYTON, DARRICK SHELBY, a/k/a "Butch," and "Butchy Brown," and KELLY MCGILL did knowingly and intentionally possess with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii) and Title 18, United States Code, Section 2.

COUNT FOUR
(Possession with Intent to Distribute 28 Grams or More of Cocaine Base)

11.    On or about February 23, 2020, in the District of Connecticut, the defendants AARON CLAYTON, a/k/a "Ace," and HECTOR UMPIERRE did knowingly and intentionally possess with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION
(Controlled Substances Offenses)

12. Upon conviction of one or more of the controlled substance offenses alleged in Counts One through Four of this Indictment, the defendants LUIS CARRASQUILLO, a/k/a "Cuchi," JASHUA CARRASQUILLO, a/k/a "Chuy," AARON CLAYTON, a/k/a "Ace," DARRICK SHELBY, a/k/a "Butch," and "Butchy Brown," HECTOR UMPIERRE, DARRIN HARRIS, JERMAINE NEWELL, FRANK BIGGS, and KELLY MCGILL, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses, including, without limitation, (1) $1,489 in U.S. currency that was seized from HECTOR UMPIERRE on or about February 23, 2020 (2) $4,117 in U.S. currency that was seized from DARRICK SHELBY, a/k/a "Butch," and "Butchy Brown," on or about February 25, 2020, (3) $71,340 in U.S. currency that was seized from LUIS CARRASQUILLO, a/k/a "Cuchi," on or about March 17, 2020, (4) $34,500 in U.S. currency that was seized from AARON CLAYTON, a/k/a "Ace," on or about March 17, 2020.

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the

court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## SECTION 851 INFORMATION

14. Pursuant to Title 21, United States Code, Sections 841(b)(1)(A), 841(b)(1)(B) and 851, upon conviction of one or more of the offenses charged in Counts One and Two of this Indictment, the defendant LUIS CARRASQUILLO, a/k/a "Cuchi," is subject to enhanced penalties as he has been previously convicted of a serious drug felony, as defined by Title 21, United States Code, Section 802(57), for which he received sentence of more than 12 months' imprisonment and for which he was released within 15 years of the commencement to the offenses charged in Counts One and Two, as set forth more specifically in paragraph 15 below.

15. On or about October 20, 2004, the defendant LUIS CARRASQUILLO, a/k/a "Cuchi," was convicted in the United States District Court for the District of Connecticut, Docket No. 3:04cr49 (JBA), of Managing and Controlling a Room and Enclosure for the Purpose of Unlawful Storing and Distributing a Controlled Substance, in violation of Title 21, United States Code, Section 856, which at the time was punishable by up to 20 years of imprisonment and for which the defendant was sentenced to a term of 57 months of imprisonment and a three-year term of supervised release, which was reduced to a period of "time served, effective the earlier of March 13, 2008 or as ordered by the Court," by way of an amendment to the judgment dated March 3,

2008. On or about March 13, 2008, after having served more than 12 months of that sentence, the defendant LUIS CARRASQUILLO, a/k/a "Cuchi," was released from this term of imprisonment.

All in accordance with Title 21, United States Code, Sections 802(57), 841(b)(1)(A), (b)(1)(B) and 851.

A TRUE BILL

/s/
_____
FOREPERSON

UNITED STATES OF AMERICA

_____
LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

_____
MARGARET M. DONOVAN
ASSISTANT UNITED STATES ATTORNEY

_____
MARIA DEL PILAR GONZALEZ
ASSISTANT UNITED STATES ATTORNEY